HENRI J. BOURRE *vs.* THE TEXAS COMPANY.
ARTHUR BOURRE *p. a. vs.* THE TEXAS COMPANY.

JULY 2, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J.   These actions of trespass on the case are brought by father and son to recover damages for injuries sustained by the son when run over by one of defendant's motor trucks.   The cases were tried together in the Superior Court.   The jury returned a verdict for each plaintiff and assessed damages for the son in the amount of $21,000 and for the father in the amount of $4,000.   Defendant filed a motion for a new trial in each case on the usual grounds. The trial justice denied the motion in the father's case and granted the motion in the son's case, unless he remitted so much of the verdict as was in excess of $15,000.

Each case is now before this court on defendant's exceptions and the son's case is also before this court on his exception to the granting of a new trial in case of his refusal to remit a portion of his verdict.   We will first consider defendant's exceptions to the denial of its motions for directed verdicts.

February 4, 1926, about 11:30 o'clock, a. m., the right rear wheel of defendant's truck struck and seriously injured the left leg and ankle of the plaintiff Arthur Bourre. The accident occurred on the westerly side of Greene street in the city of Woonsocket at its junction with Bell street and Park avenue. At this place Park avenue runs in a southerly direction. Greene street runs in a southeasterly direction and enters Park avenue from the west at an angle of about 45 degrees. Bell street intersects Greene street and Park avenue from the west at almost a right angle. The west sidewalk of Greene street is prolonged by a crosswalk across the east end of Bell street to the south corner of Bell street and Park avenue. This crosswalk is about 40 feet long. There is no crosswalk across Greene street from the west side of Park avenue to the north corner of Bell and Greene streets. Approaching Park avenue on Greene street the grade rises 9.60 feet in 100.

The declaration in each case contains three counts. Each count alleges that as the plaintiff Arthur Bourre was walking in a southerly direction on a crosswalk at the intersection of Greene street by Bell street, defendant's truck was being operated by its servant in a southerly direction on said Greene street. The first count alleges that the truck was being operated on a line somewhat parallel with, and in close proximity to, said crosswalk and that, as said plaintiff was then upon said crosswalk, defendant's servant drove the truck so close to and upon said plaintiff that, as the direct and proximate cause thereof, the right rear wheel of the truck passed over the left leg of said plaintiff thereby causing him serious and permanent injuries. The second count alleges that the operator of the truck neglected to watch in the direction in which the truck was traveling in order to avoid running into said plaintiff and, as the direct and proximate cause of such neglect, drove the truck upon said plaintiff. The third count alleges that it was snowing and that the operator of the truck neglected to keep its windshield free of snow or ice and, if necessary, raised or opened,

so that he would have a clear line of vision in the direction in which the truck was traveling and avoid running into said plaintiff and that, as the direct and proximate result of said negligence, defendant's servant drove its truck upon said plaintiff. Defendant pleaded the general issue.

At the time Arthur Bourre was injured there was about a foot of newly fallen snow in Greene street. It was still snowing and the wind was blowing from the north. The only testimony as to what Arthur Bourre was doing just before he was injured was given by himself, the operator of the truck and a boy called as a witness by defendant.

Arthur Bourre was 9 years and 7 months old at the time of the accident. He testified, in substance, that as he walked southerly on the sidewalk on the west side of Park avenue on his way home from school and reached its intersection by Greene street, he wished to cross Greene street to get to the crosswalk extending across the east end of Bell street; that he looked to his right and saw defendant's truck coming slowly up the hill about as fast as a man would walk and making a loud noise; that he thought he could cross Greene street before the truck would reach him; that he started to cross the street, with the snow up to his knees, and that he had almost reached the crosswalk when he slipped and fell; that he pulled his feet under him as the right front wheel of the truck went by him and, as he tried to get up, he slipped again and the right rear wheel of the truck ran over his left foot. The truck was about 140 feet from Arthur Bourre when he first saw it and started to cross the street to the crosswalk about 54 feet away. He testified that he had time to cross the street if he had not slipped and fallen and that the whistle on the truck was blown as he fell the first time. He denied that he was trying to get on the truck when he fell and was injured.

Defendant's operator testified that as he was driving the truck up the hill it was snowing hard; that the snow was about 1½ feet deep; that the wind was back of him; that there was no snow on the windshield and that he had an

unobstructed view of what was ahead of him; that the snow was banked towards the curbing and was deeper on the side of the road than in the center; that the truck was half loaded with gasoline and weighed about 8½ tons; that on account of the snow he had five chains on each wheel; that as he proceeded up Greene street the truck was in low speed and was making 3 to 4 miles an hour and the engine was making a loud noise; that he kept a straight course near the center of the street and 7 or 8 feet from the right curb; that he was observing the road in front of his truck and no one crossed in front of it as he approached Bell street and Park avenue; that he did not see the boy and that, after he had crossed the intersection of Park avenue by Bell street someone shouted to him and he stopped within 3 feet, got out and saw a boy close to the tracks of the truck about 7 feet from the crosswalk and that he walked back—not over 40 feet—and picked the boy up and brought him into a store with the help of a man and that he had no knowledge that his truck hit the boy. He also testified that he had been driving the truck since early morning and that he was familiar with the streets in that section of the city; that he noticed a man standing near the curbing at the south corner of Bell street and that he blew the whistle on the truck 3 times as he approached the intersection of Bell street. He testified that he did not use the windshield wiper that day and that he could stop his truck going up the hill within 3 feet. It appeared in evidence that the rear wheels of the truck tracked 6″ wider than the front wheels.

Two boys testified that they were walking in a northerly direction on the westerly side of Park avenue and that they were at the south corner of Bell street at the time of the accident. They saw the truck coming towards them slowly up the hill. One of the boys testified that nobody crossed in front of the truck and that he saw Arthur Bourre leave Park avenue and go in back of the truck when it was near Bell street and catch hold of its back bumper and pull himself up; that he looked away and when he next saw

Arthur Bourre he was on the ground on the right of the truck and then heard him cry. The other boy testified that when he saw Arthur Bourre he was on the ground. This witness attracted the attention of the driver of the truck and told him of the accident.

At the close of the testimony defendant moved for directed verdicts. The grounds for the motions were contributory negligence of plaintiff Arthur Bourre; no negligence on the part of defendant's driver and that the proximate cause of said plaintiff's injuries was his slipping and falling in the snow. The same grounds are urged in this court. We have repeatedly held that a verdict should not be directed for defendant if, upon any reasonable view of the evidence, plaintiff is entitled to recover. The conflicting testimony on the issue whether said plaintiff crossed the street in front of the truck just before the accident; that on his testimony defendant's driver ought to have seen said plaitiff crossing the street and changed the course of the truck or stopped it, if necessary, to avoid running into him and whether the driver of the truck ought to have anticipated that said plaintiff might slip and fall near the truck and consequently should have changed its course or stopped it, were questions for determination by the jury under proper instructions from the court. The exceptions to the denial of the motions for directed verdicts are overruled.

Defendant presented 11 requests to charge. The trial justice refused them except in so far as they were included in his general charge and noted defendant's exception to his refusal. Defendant now claims that the refusal of 6 of its requests was prejudicial and constitutes reversible error.

The 1st, 2nd and 4th requests were as follows:

"1. If you find that the defendant's truck was being operated at the time and place of the accident at a reasonable and proper rate of speed under the circumstances and that it was upon the traveled portion of Greene Street where it had a right to be, and that it was under the control of the

driver who was at that time and place operating his automobile (truck) with the same degree of care that the ordinarily prudent person would under the same circumstances and you find that he is not guilty of any negligence or negligent act, then your verdict must be for the defendant regardless of whether or not the child was injured by the wheel of this truck.''

''2. The fact that the defendant company owned the truck and employed the driver of the truck is not sufficient to create liability for this injury because, if there was no negligent act or negligent omission on the part of the driver, the fact of ownership cannot and does not make the defendant liable for damages.''

''4. If you believe that the accident was caused solely by the child's falling in the snowbank as testified to by him and that having fallen where he, himself, testified and the driver had no knowledge that the child had fallen near his truck and as a reasonable person under the same circumstances by the exercise of ordinary diligence would not have known of the child's predicament, then you will find that the defendant is not guilty and your verdict must not be for the plaintiff.''

We have carefully read the charge of the trial justice and do not find the substance of either of the three requests just quoted included in his charge. These requests should have been granted as they are correct statements of the law applicable to the issues presented by the evidence.

The 1st request states, among other things, that if the jury finds that defendant's truck ''was under the control of the driver who was at that time and place operating his automobile (truck) with the same degree of care that the ordinarily prudent person would under the same circumstances'' the verdict must be for the defendant. This excerpt from the request correctly states the degree of care required of the operator of an automobile on a public highway. Defendant was entitled to have the jury instructed as to the degree of care required of its servant when operat-

ing its truck on the public highway. The other propositions contained in said request are correct and furnish no justification for the denial of the whole request. It is the duty of a person operating a motor vehicle upon a public highway to operate it with reasonable care and caution for the safety of others. His duty is to operate his motor vehicle with that degree of care and caution which an ordinarily prudent person would exercise under similar circumstances. 42 C. J. 878, 879; 2 R. C. L. 1182; Berry Automobiles, § 154.

The 2nd request was in the nature of a "cautionary instruction" and is a correct statement of the general rule affecting liability. 42 C. J. 884.

The 4th request was applicable to the issue of the proximate cause of the injury to plaintiff Arthur Bourre. The negligence alleged as the direct and proximate cause of said injury was that defendant's servant (1) drove its truck so close to said plaintiff that its right rear wheel passed over his leg; (2) neglected to watch in the direction in which the truck was traveling; (3) could not see where the truck was going on account of his neglect to keep the windshield clear of snow or ice. Plaintiff Arthur Bourre testified that the snow was higher on the sides of the road than it was in the middle; that he slipped and fell when he started to go into the higher snow on the side of the road and that he had time to cross the road if he had not slipped. It is not contended that the truck struck said plaintiff before he slipped and fell. Under the testimony the question whether the slipping and falling of plaintiff Arthur Bourre was the proximate cause of his foot being run over by the truck was a question to be determined by the jury under instructions from the trial justice. No instructions were given to the jury upon this issue. "The burden of proof is upon plaintiff to establish the particular negligence alleged and that such negligence was the proximate cause of plaintiff's injury." *Kelly* v. *Davis*, 48 R. I. 94.

The refusal of defendant's 1st and 4th requests to charge was prejudicial to defendant and requires new trials of both

cases. In view of this conclusion it is unnecessary to consider defendant's exceptions to the denial of its motions for new trials and the exception of plaintiff Arthur Bourre to the conditional granting of defendant's motion for a new trial. Defendant's other requests to charge were included in the general charge or contained erroneous propositions which justified their refusal.

In each case defendant's exceptions to the denial of its 1st, 2nd and 4th requests to charge are sustained and its other exceptions are overruled. The exception of plaintiff Arthur Bourre is overruled. Each case is remitted to the Superior Court for a new trial.

*Eugene L. Jalbert,* for plaintiff.
*John R. Higgins,* for defendant.