Jazmine Wray et al.                    :

              v.                       :

Antonio Green et al.                   :

NOTICE:   This opinion is subject to formal revision before
publication in the Rhode Island Reporter. Readers are requested to
notify the Opinion Analyst, Supreme Court of Rhode Island, 250
Benefit Street, Providence, Rhode Island 02903, at Telephone 222-
3258 of any typographical or other formal errors in order that
corrections may be made before the opinion is published.

Jazmine Wray et al.                    :

v.                                     :

Antonio Green et al.                   :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.** The plaintiffs, Jazmine Wray and Reginald Green,

appeal from a Superior Court judgment in favor of the defendant, Raymond Roy. This case

stems from a negligence suit brought by the plaintiffs against the two defendants: Roy and

Antonio Green, as a result of a three-vehicle rear-end collision.[1] This case came before the

Supreme Court pursuant to an order directing the parties to appear and show cause why the issue

raised in this appeal should not be summarily decided. After considering the parties' written and

oral submissions and reviewing the record, we conclude that cause has not been shown and that

this case may be decided without further briefing or argument. For the reasons set forth in this

opinion, we affirm the judgment of the Superior Court.

**I**

**Facts and Procedural History**

On November 9, 2009, Wray, Roy and Antonio Green were driving eastbound on

Hartford Avenue in Providence in their respective vehicles. Hartford Avenue is a two-way street

---

[1] The complaint was subsequently amended to add a third plaintiff, Jason Taylor, a passenger in
Wray's vehicle at the time of the accident. This plaintiff is not part of the instant appeal.

with a single lane in each direction running east and west. At approximately 12:40 p.m., Wray's vehicle stopped on Hartford Avenue as she waited in the lane of travel for an opportunity to make a left-hand turn into a parking lot. Roy's vehicle came to a complete stop behind Wray's vehicle as he waited for Wray to make the left-hand turn. Wray was stopped for several minutes and during this time she observed Roy's vehicle stopped behind her. A third vehicle—driven by Antonio Green and with Reginald Green as a passenger—approached and rear-ended Roy's vehicle. Wray heard the first impact of Antonio Green's vehicle rear-ending Roy's vehicle prior to Roy's vehicle rear-ending her vehicle. Both Antonio Green and Reginald Green acknowledged that Roy's vehicle was stopped prior to the collision.

The plaintiffs filed a complaint in Superior Court against defendants alleging negligence and claiming that, as a result of the collision, they experienced pain and suffering and incurred medical bills and lost wages. On December 10, 2012, Roy filed a motion for summary judgment. A hearing was held on February 19, 2013, in which Roy's motion was granted over plaintiffs' objection. Final judgment was entered on August 6, 2014.[2] The plaintiffs filed a timely notice of appeal.

## II

### Standard of Review

"This Court will review the grant of a motion for summary judgment de novo, 'employing the same standards and rules used by the hearing justice.'" Daniels v. Fluette, 64 A.3d 302, 304 (R.I. 2013) (quoting Great American E & S Insurance Co. v. End Zone Pub & Grill of Narragansett, Inc., 45 A.3d 571, 574 (R.I. 2012)). "We will affirm a lower court's

---

[2] An order granting summary judgment in favor of Roy entered on February 20, 2013. Roy then motioned for a separate and final entry of judgment pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure, which the trial court granted on August 6, 2014.

decision only if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." Id. (quoting Great American E & S Insurance Co., 45 A.3d at 574). "Moreover, the nonmoving party bears the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." Id. (quoting Great American E & S Insurance Co., 45 A.3d at 574). It is well settled that "issues of negligence are ordinarily not susceptible of summary adjudication, but should be resolved by trial in the ordinary manner." Holley v. Argonaut Holdings, Inc., 968 A.2d 271, 274 (R.I. 2009) (quoting Gliottone v. Ethier, 870 A.2d 1022, 1028 (R.I. 2005). However, summary judgment should enter "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case * * *." Lavoie v. North East Knitting, Inc., 918 A.2d 225, 228 (R.I. 2007) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

### III

### Discussion

On appeal, plaintiffs argue that Roy negligently operated his vehicle. Specifically, plaintiffs claim that "had Roy stopped his vehicle behind [Wray's] vehicle with sufficient amount of space between the two, the impact of Antonio Green's vehicle would not have been forceful enough to cause Roy's vehicle to be pushed in to the rear of [Wray's] vehicle." The plaintiffs claim that the "sole reason" they were involved in the collision was that Roy "tailgated" Wray's vehicle in violation of G.L. 1956 § 31-15-12.[3]

---

[3] General Laws 1956 § 31-15-12 provides that:
> "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due

"It is well settled that to prevail on a claim of negligence a plaintiff must establish a legally cognizable duty owed by a defendant to a plaintiff, a breach of that duty, proximate causation between the conduct and the resulting injury, and the actual loss or damage." Nationwide Property & Casualty Insurance Co. v. D.F. Pepper Construction, Inc., 59 A.3d 106, 110 (R.I. 2013) (quoting Habershaw v. Michaels Stores, Inc., 42 A.3d 1273, 1276 (R.I. 2012)). A person has a duty to operate his motor vehicle in a reasonably careful manner and with caution for the safety of others. Bourre v. The Texas Co., 49 R.I. 364, 371, 142 A. 621, 624 (1928). Although "evidence of a rear-end collision is prima facie evidence of negligence, [it] does not conclusively determine the issue of liability." DeBlois v. Ashcraft, 797 A.2d 1073, 1074 (R.I. 2002) (mem.).

The plaintiffs claim that Roy breached his duty of care by failing to leave sufficient space between his vehicle and Wray's vehicle; however, they present no competent evidence to support their allegation. The record before this Court is devoid of any evidence regarding the proximity of Roy's vehicle to Wray's vehicle while the two were stopped prior to the collisions. Notably, during the hearing on Roy's motion for summary judgment, counsel for plaintiffs conceded that, although he "believe[d] that there [wa]s [a question of fact]" regarding the proximity of the vehicles, there had not been a "specific document * * * by the plaintiff" or "any evidence as to how much space" was between the vehicles. It is clear that plaintiffs wholly failed to meet their

regard for the speed of the vehicles and the traffic upon and the condition of the highway, and shall, whenever traveling through a business or residential district, and whenever traffic permits, leave sufficient space so that an overtaking vehicle may enter and occupy the space without danger. This provision shall not apply to a caravan under police escort or a funeral procession. Violations of this section are subject to fines enumerated in § 31-41.1-4."

burden of proving by competent evidence the existence of a disputed issue of material fact, rendering this case ripe for summary disposition.

It is unquestionable that Roy had a duty to operate his vehicle in a reasonably careful manner. See Nationwide Property & Casualty Insurance Co., 59 A.3d at 110. However, the plaintiffs have presented no evidence that Roy breached that duty. Both plaintiffs and Roy attested that Roy's vehicle was stopped prior to the collision. The co-defendant Antonio Green also conceded that Roy's vehicle was stopped at the time his vehicle rear-ended Roy's vehicle. Even when viewing this evidence in the light most favorable to plaintiffs, the evidence does not support a finding that Roy breached his duty to operate his vehicle in a reasonably careful manner.

Moreover, the plaintiffs' reliance on § 31-15-12 to establish that Roy breached his duty by not leaving sufficient space between the two vehicles is untenable for two reasons. First, there is no evidence of the distance between the two stopped vehicles prior to the impact, as previously noted. Second, § 31-15-12's clear language applies to vehicles that are traveling. Section 31-15-12 explicitly provides that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent * * * and shall, whenever traveling * * * leave sufficient space so that an overtaking vehicle may enter and occupy the space without danger." (Emphasis added.) Here, as noted, it is uncontested that Roy's vehicle was stopped prior to the accident and, therefore, was neither "traveling" nor "follow[ing] another vehicle." See § 31-15-12. Consequently, the plaintiffs' failure to present any evidence to prove an essential element of their negligence claim against Roy—specifically, that he breached his duty of care—renders summary judgment in Roy's favor appropriate.

**IV**

**Conclusion**

For the reasons stated herein, we affirm the judgment of the Superior Court.  The record shall be returned to the Superior Court.



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**        Jazmine Wray et al. v Antonio Green et al.

**CASE NO:**              No. 2014-330-Appeal.
                         (PC 11-6961)

**COURT:**               Supreme Court

**DATE OPINION FILED:**  December 8, 2015

**JUSTICES:**            Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**          Chief Justice Paul A. Suttell

**SOURCE OF APPEAL:**    Providence County Superior Court

**JUDGE FROM LOWER COURT**:

                         Associate Justice Jeffrey A. Lanphear

**ATTORNEYS ON APPEAL:**

                         For Plaintiffs:   Daniel J. Neal, Esq.

                         For Defendants:  Stephen E. Navega, II, Esq.