## Anne Ashton Ewing *vs.* The Tax Assessors of the Town of Jamestown.

OCTOBER 30, 1959.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is a petition for relief from assessment of taxes which was filed in the superior court in accordance with the provisions of general laws 1956, §44-5-26. The case is here on the respondents' bill of exceptions to that court's denial of their motion to dismiss the petition for lack of jurisdiction. In this court the petitioner moved to dismiss the bill of exceptions on the ground that it was premature. After a hearing thereon we denied the motion, without prejudice however to the right of the petitioner to renew it at the hearing on the merits. She has availed herself of that right so that the first question to be considered here is whether the respondents have brought their bill of exceptions prematurely.

The taxes in question were assessed as of December 31, 1957 and were due and payable in full without penalty on or before Decembr 31, 1958. However, the resolution passed at the town meeting imposing the tax further provided that the taxpayer could elect to pay the tax in quarterly installments by paying the first installment on or before August 30, 1958. The petitioner did not make such election but paid the tax assessed against her in full on September 20, 1958, and thereafter on January 8, 1959 filed the instant petition for relief in the superior court.

In support of their motion to dismiss, respondents contend that the petition was filed too late, since more than three months had elapsed after the first installment of taxes was due on August 30, 1958; and therefore the superior court was without jurisdiction. The petitioner contends

that since she did not avail herself of the option to pay her taxes in quarterly installments but paid them in full before December 31, 1958, the three months period began to run from that date. The respondents reply that this was a misconstruction of the intent of G. L. 1956, §44-5-26.

The trial justice rejected respondents' construction of the statute and denied their motion. In other words he decided that in the circumstances petitioner had complied with the provisions thereof and therefore the court had jurisdiction. The petitioner contends that respondents' claim of a right of review of such decision is contrary to the rule laid down in *Troy* v. *Providence Journal Co.*, 43 R. I. 22, namely, that a bill of exceptions lies only to a final decision on the merits which in due time by operation of law will lead to a final judgment in the cause. And she further points out that this rule has since been applied to a decision on a question of jurisdiction, *McMahon* v. *Edelstein*, 75 R. I. 402, and more recently reaffirmed in *DePrete* v. *Farm Bureau Mutual Automobile Ins. Co.*, 83 R. I. 10.

However, respondents reply that, conceding this is the well-established general rule, it nevertheless admits of an exception where its application would result in hardship and injury and they cite in support of such view *McAuslan* v. *McAuslan*, 34 R. I. 462. In that case this court observed at page 468: "We have frequently said in regard to the removal of cases at law to this court for review that the intent of the statute is that exceptions in such cases shall not be certified to this court until after all matters arising in the cause in the Superior Court have been determined." But it was also recognized therein that the rule was subject to modification, the court saying further at page 470: "The strict observance of this general rule would in some instances result in such possible hardship and injury that appellate courts in such case have taken cognizance of appeals from decrees, which were technically interlocutory in

their character, before the merits of the cause had been determined in the court below."

In our opinion the decision denying the motion to dismiss the petition in the case at bar is technically of an interlocutory nature and ordinarily in accordance with the general rule would not be properly subject to review here before a final determination of the merits in the superior court. But we are of the further opinion that there are special circumstances in the instant case involving a construction of a provision of the taxing statutes which may gravely affect the proper administration of tax collections not only in the town of Jamestown but universally throughout the state. Therefore in our judgment it is desirable, as a matter of public policy and to avoid the possibility of undue hardship, that in this instance an exception should be made to the general rule. For that reason we hold that the bill of exceptions is not premature and therefore we reaffirm our denial of petitioner's motion to dismiss.

Turning to the merits, the question raised by respondents' exception to the denial of their motion to dismiss the petition is simply one of construing the following portion of G. L. 1956, §44-5-26: "Any person aggrieved on any ground whatsoever by any assessment of taxes against him in any city or town, may within three (3) months after the last day appointed for the payment without penalty of such tax, or the first instalment thereof, if such tax be payable in instalments, file a petition in the superior court for the county in which such city or town lies for relief from such assessment, to which petition the assessors of taxes of said city or town in office at the time such petition is filed shall be made parties respondent * * *."

Apparently the difficulty here is determining what day is "the last day appointed for the payment without penalty of such tax * * *." Since the resolution passed at the finan-

cial town meeting of Jamestown in accordance with G. L. 1956, §44-5-7, provided for the alternative method of payment of taxes in quarterly installments beginning with the first installment due and payable August 30, 1958, the question arises whether that date is the last day or may December 31, 1958 also be deemed such last day if the taxpayer does not exercise the option to pay the taxes in installments but pays them in full.

The respondents argue that it can only mean the former regardless of the election of the taxpayer, and that to construe the statute otherwise would make for possible confusion and uncertainty in the orderly administration of the collection of taxes. We do not think so. Rather we are of the opinion that since the statute provides for two optional methods for the payment of taxes, the only reasonable construction is to make the language applicable to whichever method is elected by the taxpayer. That is to say, if the taxpayer elected to pay in installments then the last day would be August 30, 1958, but where, as in the instant case, petitioner elected to pay in full then the last day would be December 31, 1958.

Unless the statute is thus construed it would be necessary to delete or disregard the explicit language which appears before the disjunctive "or" and give effect only to what follows thereafter. This we cannot do. We must give effect to every part of the statute if it is workable and does not result in absurdity or inconsistency. There is no such difficulty presented by the statutory language in question here. Therefore since the petitioner paid her taxes in full and filed her petition within three months after December 31, 1958, the last day appointed for paying taxes in that manner without penalty, the superior court rightly determined that it had jurisdiction and denied the respondents' motion to dismiss the petition.

The respondents' exception to such decision is overruled, the decision is affirmed, and the case is remitted to the superior court for further proceedings.

*Sheffield & Harvey,* for petitioner.

*Letts & Quinn, Daniel J. Murray,* for respondents.