James **SKENE** et al.

v.

Richard **BELAND.**

No. 2002–280–Appeal.

Supreme Court of Rhode Island.

June 10, 2003.

Ronald F. Cascione, Providence, Andrew Henneous, Riverside, for Plaintiff.

Kathleen Wyllie, Warwick, for Defendant.

Present: WILLIAMS, C.J., FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The plaintiff, James Skene (plaintiff), appeals a Superior Court justice's exclusion of expert testimony, denial of a motion to pass, and refusal to grant a new trial in this personal injury action. This case came before the Supreme Court for oral argument on May 12, 2003, pursuant to an

order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. Having reviewed the record and the parties' briefs, and having considered the oral arguments, we are of the opinion that cause has not been shown and proceed to decide the appeal at this time. For the reasons indicated below, we affirm the judgment of the Superior Court.

# I

## Facts and Travel

On November 23, 1994, plaintiff and defendant, Richard Beland (defendant), were involved in an automobile accident. The details about exactly how the accident occurred are disputed. At trial, plaintiff testified that he was traveling on Route 6 in Providence when defendant entered his lane of travel and struck his car. The defendant, however, testified that plaintiff was driving erratically and struck the side of his car. The plaintiff called William Howerton (Howerton), an engineer and an accident reconstructionist, to provide expert testimony to support his case. When plaintiff's counsel asked Howerton whether he could explain to a "reasonable degree of engineering certainty, as to how this accident probably happened," Howerton responded, "[i]n a limited sense, yes." This sparked a flurry of objections, brief jury excusals and bench conferences as the trial justice struggled to determine the admissibility of Howerton's proposed testimony.

Howerton explained that, in his opinion, there must have been an "earlier interaction" between the vehicles that caused "both operators to take some sort of evasive action," which ultimately caused the accident. After the trial justice questioned Howerton out of the jury's presence about whether he had an opinion to a reasonable degree of engineering certainty what the earlier interaction was, Howerton respond-

ed "I don't know. * * * All I know is [that] it had to happen * * *." There was no evidence to support Howerton's "earlier interaction" theory. Based on this uncertainty, the trial justice, believing this testimony was confusing, excluded Howerton's testimony about the purported "earlier interaction." The trial justice found that, under Rule 403 of the Rhode Island Rules of Evidence, the testimony lacked sufficient probative value to outweigh the confusion.

Once Howerton's testimony in front of the jury resumed, he again referred to the "earlier interaction," which prompted another objection. The trial justice called the attorneys to the bench and encouraged the jury to talk among themselves instead of excusing them during the sidebar. At sidebar, the trial justice again stated that she would not allow Howerton to speculate about the nature of an "earlier interaction" without any supporting evidence. The trial justice sustained the objection.

Finally, during cross-examination, Howerton again referred to the theoretical "interaction." Defense counsel moved to strike the testimony and plaintiff's counsel objected. Once more, the trial justice excused the jury. Howerton had another opportunity to explain to the trial justice his theory about the "interaction," but failed to clarify the confusion. The trial justice refused to allow the jury to hear Howerton's testimony about the "interaction" because it "was likely to confuse [them] and prejudice the defendant, without having a significant probative value."

Subsequently, plaintiff moved to pass the case because, he argued, the trial justice berated Howerton in front of the jury, thereby prejudicing the jury. The trial justice denied the motion.

The jury returned a verdict in defendant's favor, and plaintiff moved for a new

trial. The trial justice also denied that motion. The plaintiff timely appealed, arguing that the trial justice erred in excluding Howerton's testimony about the interaction, denying the motion to pass, and refusing to grant a new trial.

## II

### Exclusion of Expert Testimony

The plaintiff first argues that the trial justice erred by preventing Howerton from testifying about the cause of the accident. We disagree.

■ " 'This Court will not disturb a trial justice's ruling on the admissibility of expert testimony absent an abuse of discretion.' " *Raimbeault v. Takeuchi Manufacturing (U.S.), Ltd.*, 772 A.2d 1056, 1061 (R.I.2001). "The critical inquiry for deciding whether to admit expert testimony is whether the expert testimony reflects scientific knowledge that can be tested by scientific experimentation and whether the expert testimony logically advances a material aspect of the plaintiff's case." *Id.*

This case, much like our recent decision in *Kurczy v. St. Joseph Veterans Association, Inc.*, 820 A.2d 929 (R.I.2003), involves speculative expert testimony unsupported by any evidence. In *Kurczy*, a forensic pathologist testified that an injured boy "climbed on a railing; that he was tapping on a window; that he lost his balance and fell," rather than simply falling down an unlit stairwell. *Id.* at 939. However, there was no testimony or other evidence to support the expert's theory on the course of events. The trial justice properly excluded the testimony because it was "far beyond the scope of a forensic pathologist in the course of his ordinary and customary dealings with cases of this type * * * [and that it fell] into the area of rank speculation." *Id.* Howerton's proffered testimony fits into the same category.

■ Although Howerton possessed the requisite scientific background, his testimony referring to the "earlier interaction" was not supported by any evidence and was too speculative to logically advance plaintiff's theory that he did not enter defendant's lane of travel. The trial justice in this case reviewed Howerton's proposed and actual expert testimony and its scientific validity in light of *DiPetrillo v. Dow Chemical Co.*, 729 A.2d 677 (R.I. 1999). Howerton was unable to testify to the nature of the alleged "interaction" between the vehicles before the accident. Furthermore, there was no evidence to support Howerton's proposed testimony. Therefore, we agree with the trial justice's decision to exclude the testimony because its lack of probative value and confusing nature and conclude that she did not abuse her discretion.

## III

### Motion to Pass

The plaintiff contends that the trial justice should have granted plaintiff's motion to pass because the jury saw the judge "berating" Howerton. Again, we disagree.

■ This Court reviews a trial justice's decision on a motion to pass a case for abuse of discretion. *State v. Truesdale*, 787 A.2d 1172, 1177 (R.I.2001). The decision on a motion to pass rests in the sound discretion of the trial justice because he or she is in the best position to determine whether the jury has been affected adversely by allegedly improper remarks. *See id.* "Therefore, the refusal of the trial justice to pass a case is accorded great deference and will not be disturbed on appeal unless it is shown to be clearly wrong." *Id.*

■ The trial justice's refusal to grant plaintiff's motion to pass in this case was not clearly wrong. While in the jury's presence, the trial justice questioned Howerton about his explanation of the "interaction." The trial justice then reminded Howerton that

> "when an expert testifies—and you apparently have experience in this regard—you know that an expert cannot offer an opinion to a jury, unless that opinion is based upon reasonable scientific, or in your case, engineering certainty and probability, not possibility. And I asked you the question before: Do you have an opinion, with a reasonable degree of engineering certainty, as to whether there was a prior impact between these vehicles? And I understood that you said you did not have such an opinion. Am I incorrect? Because I'll stand corrected, and we'll send the jury out."

Howerton asked for an opportunity to explain his theory again to the trial justice, and the trial justice excused the jury for a second time.

In her admonitions to Howerton, the trial justice merely was trying to explain his role as an expert witness. Furthermore, she ordered a transcript of the hearing to make sure that she had not made any prejudicial or inappropriate comments in the jury's presence. After reviewing the transcript, the trial justice said that "[she] felt comfortable that [she] had not prejudiced the case; and that the only one who was attempting to prejudice the case and cause a mistrial was Mr. Howerton." Additionally, on the next day of trial, she reminded the jurors that they are the sole finders of the facts of the case and that comments of counsel or the court should not influence their decision. Therefore, because the trial justice's conversation with Howerton in front of the jury was not clearly wrong and because the trial justice was in the best position to determine the effects of that conversation on the jury, we defer to her decision.

## IV

### New Trial

■ "It is well established that the trial justice acts as a 'superjuror' in considering a motion for a new trial." *Saber v. Dan Angelone Chevrolet, Inc.,* 811 A.2d 644, 652 (R.I.2002) (quoting *Rezendes v. Beaudette,* 797 A.2d 474, 477–78 (R.I. 2002)). In doing so, the trial justice "reviews the evidence, comments on the weight of the evidence and the credibility of the witnesses," and exercises her independent judgment in either granting or denying a motion for a new trial. *Id.* (quoting *Rezendes,* 797 A.2d at 477–78). If the trial justice concludes that the evidence is evenly balanced or that reasonable minds could differ on the verdict, she should not disturb the jury's decision. *Id.* We will not disturb that determination unless the trial justice has overlooked or misconceived material and relevant evidence or was otherwise clearly wrong. *Id.*

■ This Court is confident that the trial justice properly reviewed and ruled on the motion for a new trial. She thoroughly reviewed the facts and testimony at issue and clearly reiterated the legal foundation upon which she placed her decisions. Furthermore, she concluded that the "verdict was so clearly consistent with the evidence that, if they had gone the other way, [she] would have granted a motion for a new trial." Therefore, we conclude that the trial justice did not overlook or misconceive any material or relevant evidence.

### Conclusion

Accordingly, we deny and dismiss the plaintiff's appeal and affirm the judgment

of the Superior Court. The papers of the case may be returned to the Superior Court.

Justice FLAHERTY did not participate.