Evan J. CONNOR,

v.

Paul BJORKLUND et al.

No. 2002–720–Appeal.

Supreme Court of Rhode Island.

Oct. 31, 2003.

Steven Minicucci, Providence, for Plaintiff.

Peter E. Garvey, Providence, for Defendants.

Present: WILLIAMS, C.J.,
FLANDERS, GOLDBERG, FLAHERTY
and SUTTELL, JJ.

## O P I N I O N

PER CURIAM.

The defendants, Paul Bjorklund (Paul) and Evelyn Bjorklund (Evelyn), appeal from a Superior Court order granting the motion of the plaintiff, Evan J. Connor (plaintiff), for new trial. This case came before the Supreme Court for oral argument on September 24, 2003, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and proceed to decide the appeal at this time. The order of the Superior Court directing a new trial is affirmed.

### I

### Facts and Travel

This case arises from an automobile accident that occurred in the early morning hours of August 22, 1998. At approximately 12:30 a.m., plaintiff was driving a rented 1998 Chevy Blazer through Kennedy Plaza in Providence, Rhode Island. He testified that while he was driving on Fulton Street, he came to a blinking red light at the corner of Fulton and Exchange Streets. After stopping at the light, plaintiff turned left onto Exchange Street. He testified that, almost immediately after turning onto Exchange Street, he came upon a line of cars that were stopped at a red light. As he was coming to a stop behind the line of cars, the car that Paul was driving struck plaintiff's car from behind.

Paul admitted rear-ending plaintiff's car, but also offered his description of the accident. Paul, who was seventeen years old at the time of the accident, was unfamiliar with the intersection. He testified that he, too, was traveling on Fulton Street and had stopped at the blinking red light. He said that Jersey barriers lined the left side of Fulton Street, blocking his view of Exchange Street. While stopped at the blinking light, Paul looked right and then proceeded to turn left onto Exchange Street. As he made the turn, he suddenly saw plaintiff's car stopped five to eight feet in front of him. Although he applied the brakes and attempted to turn to the right, Paul was unable to stop and rear-ended plaintiff's car. According to Paul, there were no cars stopped in front of plaintiff, nor were there any pedestrians crossing the street in front of plaintiff's car.

The plaintiff brought suit against defendants in Superior Court.[1] A two-day jury trial commenced on June 11, 2002. The plaintiff and Paul were the only two witnesses to testify at trial. After both parties rested, the trial justice instructed the jury on comparative negligence. The jury returned a verdict for defendants, finding

---

1. Evelyn is Paul's grandmother and the owner of the car that Paul was driving. The plaintiff named Evelyn as a defendant because she owned the car.

that Paul bore no responsibility for the rear-end collision. Thereafter, plaintiff filed a motion for new trial, which the trial justice granted. The defendants timely appealed.

## II

### New Trial Motion

 This Court will not disturb a trial justice's decision to grant or deny a motion for new trial unless he or she has overlooked material evidence or is otherwise clearly wrong. *Skene v. Beland*, 824 A.2d 489, 493 (R.I.2003). When ruling on a motion for new trial, the trial justice acts as a "superjuror" and conducts an independent review of the evidence presented to the jury. *Id.* In doing so, the justice properly assesses the credibility of witnesses, weighs the evidence and exercises his or her independent judgment to ultimately grant or deny the motion. *Id.* The jury's verdict should not be disturbed if the evidence is evenly balanced or if reasonable minds could reach different verdicts. *Id.* The trial justice may grant a new trial, however, if " 'the verdict is against the preponderance of the evidence and thereby fails to either do justice to the parties or respond to the merits of the controversy.' " *Perkins v. City of Providence*, 782 A.2d 655, 656 (R.I.2001) (per curiam) (quoting *Kurczy v. St. Joseph Veterans Association, Inc.*, 713 A.2d 766, 770 (R.I.1998)).

 The defendants argue that there was sufficient evidence to support the jury's verdict and, therefore, the trial justice should not have ordered a new trial. According to defendants, the jury was justified in accepting Paul's description of the accident and finding in their favor. The trial justice, however, disagreed.

 This Court has described the legal duty imposed on drivers within this state.

A motorist approaching an intersection has a duty to observe "the traffic and general situation at or in the vicinity of the intersection. He [or she] must look in the careful and efficient manner in which a [person] of ordinary prudence in like circumstances would look in order to ascertain the existing conditions for his guidance." *Hefner v. Distel*, 813 A.2d 66, 70 (R.I.2003) (quoting *Dembicer v. Pawtucket Cabinet & Builders Finish Co.*, 58 R.I. 451, 456, 193 A. 622, 625 (1937)). Further, "[n]o person shall start a vehicle which is stopped * * * unless and until the movement can be made with reasonable safety." G.L.1956 § 31–16–1. Moreover, the law imposes a rebuttable presumption of negligence on the driver of a vehicle that rear-ends another. *See DeBlois v. Ashcraft*, 797 A.2d 1073, 1074 (R.I.2002) (mem.).

Keeping those legal principles in mind, we review the trial justice's assessment of Paul's credibility. This Court has noted that a "trial justice is free to reject testimony that is impeached, abrogated by other positive testimony, inherently improbable, or contradicted when viewed in connection with other circumstances, if he or she is satisfied of its falsity." *Gibbs Oil Co. v. Potter*, 471 A.2d 207, 210 (R.I. 1984). The trial justice's appraisal of Paul's credibility was based primarily on two aspects of his testimony. The first related to the speed at which he claimed to have been driving immediately before he collided with plaintiff. Paul testified that he was driving between five and eight miles per hour when he saw plaintiff's car stopped up to eight feet in front of him. That testimony is belied, however, by the fact that he was unable to avoid the collision despite applying his brakes and turning the wheel to the right. He further testified that, because of the Jersey barriers lining Fulton Street, he was unable to see onto Exchange Street when he began

making his turn. Although he was unfamiliar with the intersection, he proceeded to make the turn at a speed at which he was unable to stop his car or otherwise avoid rear-ending plaintiff's car.

Secondly, the trial justice rejected Paul's testimony that plaintiff unexpectedly and abruptly stopped in his lane of travel for no reason. The trial justice, however, was free to accept plaintiff's testimony that he stopped behind the line of cars at the red light; especially when Paul admitted that he was unable to see onto Exchange Street from Fulton Street and collided with plaintiff just after turning onto Exchange Street. The trial justice believed that Paul bore at least some responsibility for colliding with plaintiff's car. Accordingly, the trial justice properly set aside the jury's finding that plaintiff was the sole cause of the accident.

■ On appeal, defendants wage a credibility war against plaintiff. Specifically, defendants cite certain discrepancies between plaintiff's trial testimony and other evidence contained in the record. None of those discrepancies, however, rise to a level that would require this Court to second-guess the trial justice's credibility findings. *See State v. Williams,* 752 A.2d 951, 954 (R.I.2000) (noting that this Court will not disturb credibility findings that are supported by the record).

■ The defendants also take issue with the fact that the trial justice rejected the jury's finding that defendant was not liable for the accident after he instructed them on comparative negligence. According to defendants, since the trial justice instructed the jury that they could find that plaintiff's negligence was the sole cause of the accident, he apparently believed there was sufficient evidence to support the jury's finding that defendants were not liable for the collision. This Court, however, has never restricted a trial justice's ability to reassess credibility and factual findings once those functions have been entrusted to the jury. Indeed, a trial justice "may disregard a jury's finding[s] on [credibility and fact] if in the exercise of his independent judgment, he concludes that the jury verdict 'fails to respond truly to the merits of the controversy and to administer substantial justice and is against the fair preponderance of the evidence.'" *Gibbs Oil Co.,* 471 A.2d at 211 (quoting *Yammerino v. Cranston Tennis Club, Inc.,* 416 A.2d 698, 700–01 (R.I.1980)). Thus, the trial justice was not precluded from rejecting the jury's finding that defendant was the sole cause of the accident.

Paul, as the driver of a vehicle that rear-ended another, was presumed negligent. *See DeBlois,* 797 A.2d at 1074. In light of that presumption, and the trial justice's less than positive assessment of Paul's credibility, we are of the opinion that a new trial was appropriately ordered. After fully reviewing the record, it is apparent that the trial justice followed all proper procedures when ruling on the motion; he reviewed the evidence adduced at trial and his credibility assessments were fully supported in the record. Having rejected Paul's version of the events and applied the presumption of negligence against him, the trial justice was not clearly wrong in concluding that the jury verdict failed to respond truly to the merits and administer substantial justice.

### III

### Conclusion

For the reasons indicated herein, the order of the Superior Court is affirmed. The papers of the case shall be remanded to the Superior Court.