[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before the Court is the motion of Plaintiffs, Jamie Perrotti (Mrs. Perrotti) and Paul Perrotti (Mr. Perrotti, together Plaintiffs) for a new trial in the above-entitled matter. The Defendant, Paul Gonicberg (Defendant), objects to said motion. Jurisdiction is pursuant to Super R. Civ. P. 59.
 FACTS AND TRAVEL
On December 25, 1998, the Plaintiffs, traveling with their daughter, were involved in a car accident with Defendant. The Plaintiffs and the Defendant were proceeding in the same direction on Putnam Pike in Smithfield, Rhode Island when the Defendant took a sudden, illegal right turn in front of the Plaintiffs' lane of travel, causing a collision. At the time of the accident, Mrs. Perrotti was six months pregnant. After the accident, Mrs. Perrotti was treated for minor injuries at Our Lady of Fatima Hospital Emergency Room and released.
Subsequently, the Plaintiffs brought a negligence action against the Defendant, who filed a counterclaim against Mr. Perrotti for contribution and/or indemnification for a pro-rata share of any damages established by Mrs. Perrotti. The Defendant later admitted fault, and his counterclaim was dismissed without prejudice.
This Court, sitting with a jury, presided over a one-day jury trial. During the trial, this Court entered judgment as a matter of law, dismissing Mrs. Perrotti's psychic damage claim for anxiety and anguish she allegedly experienced regarding the health of her then-unborn fetus. On the remaining counts, the jury awarded damages in the amount of $750 to the Plaintiffs.
The Plaintiffs have timely requested a new trial on three grounds. The Plaintiffs contend that this Court erroneously both excluded evidence of the Plaintiffs' two-year-old daughter's injuries, which they believe were relevant to Mrs. Perrotti's claim for mental suffering, and instructed the jury, in contravention of established law in Rhode Island, to disregard Mrs. Perrotti's anxiety and concern regarding her unborn fetus. Additionally, the Plaintiffs maintain that the jury's verdict was against the weight of the credible evidence. The Plaintiffs maintain that each of these grounds warrants this Court's granting a new trial.
 STANDARD OF REVIEW
On a motion for a new trial, the trial justice "must review the trial evidence and exercise his or her independent judgment in passing upon the weight of the evidence and the credibility of the witnesses." Martinelli v. Hopkins, 787 A.2d 1158, 1165 (R.I. 2001). "The jury's verdict should not be disturbed if the evidence is evenly balanced or if reasonable minds could reach different verdicts." Connor v. Bjorklund, 833 A.2d 825, 827 (R.I. 2003) (citing Skene v. Beland, 824 A.2d 489, 493 (R.I. 2003)). If after an independent review of the evidence, the trial justice finds that the jury's verdict is against the fair preponderance of the evidence, the judge may grant a new trial.Reccko v. Criss Cadillac Co., Inc., 610 A.2d 542, 545 (R.I. 1992) (citing Sarkisian v. New Paper Inc., 512 A.2d 831, 835 (R.I. 1986)).
With respect to damages, a jury's award may be disregarded and a new trial granted "`only if the award shocks the conscience or indicates that the jury was influenced by passion or prejudice or if the award demonstrates that the jury proceeded from a clearly erroneous basis in assessing the fair amount of compensation to which a party is entitled.'" Dilone v. Anchor Glass ContainerCorp., 755 A.2d 818, 820-821 (R.I. 2000) (quoting Shayer v.Bohan, 708 A.2d 158, 165 (R.I. 1998) (citation omitted)). With respect to allegations of errors of law, "`[a]ny error of law, if prejudicial, is a good ground for a new trial.'" Votolato v.Merandi, 747 A.2d 455, 460 (R.I. 2000) (alteration in original) (quoting 11 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 2805 at 55 (1995)).
 REVIEW OF THE EVIDENCE
Mrs. Perrotti first assigns as prejudicial error warranting a new trial that this Court's exclusion of evidence concerning her daughter's broken leg was relevant to her claim for mental suffering. Alternatively, the Defendant contends that Plaintiffs chose to pursue the child's claim "piecemeal" without Mrs. Perrotti, and said claim is not currently pending. Furthermore, Defendant argues that Mrs. Perrotti's claim for mental anguish and lost wages with respect to the daughter would be derivative of the daughter's claim.
Rule 20 of the Superior Court Rules of Civil Procedure provides that:
 "all persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences of consortium, society, or companionship when feasible to do so and if any question of law or fact common to all these persons will arise in the action."
However, pursuant to Super. R. Civ. P. 21, "any claim against a party may be severed and proceeded with separately." In the instant matter, the Plaintiffs have elected to sever the child's claim.
With respect to the claim Plaintiffs elected to present at trial, "`[t]he admission of evidence rests in the sound discretion of the trial justice. . . .'" Graff v. Motta,748 A.2d 249 (R.I. 2000) (quoting New Hampshire Insurance Co. v.Rouselle, 732 A.2d 111, 113 (R.I. 1999) (per curiam). Accordingly, on a motion for a new trial on the ground of erroneous evidentiary rulings, "[t]he burden of demonstrating that the excluded evidence was material and that its exclusion had a prejudicial influence on the decision rests upon the party seeking the admission of the evidence. . . ." Kelaghan v.Roberts, 433 A.2d 226, 231 (R.I. 1981) (citations omitted). Plaintiffs chose to litigate the daughter's claim for injuries and any derivative claims of Mrs. Perrotti relative thereto in a separate trial. Therefore, this Court found evidence of the daughter's injuries irrelevant to the damage claim for Mrs. Perrotti's physical injuries and any mental suffering resulting therefrom. The Court properly excluded such evidence.
Plaintiff next assigns as error the Court's instructions to the jury to disregard evidence of Mrs. Perrotti's anxiety and concern regarding the health of her unborn fetus. The Defendant counters that essentially Plaintiffs failed to make a prima facie showing of such a claim as Mrs. Perrotti, in caring for her other child, potentially endured mental anguish and anxiety from more than one source and further did not present any expert testimony or physical symptomatology in support of such a claim.
On a motion for a new trial, "the trial justice has a duty in exercising [her] independent judgment to consider all of the material evidence in light of [her] charge to the jury. . . ."Beauchemin v. Sweeten, 471 A.2d 624, 626 (R.I. 1984) (citingBarbato v. Epstein, 97 R.I. 191, 193, 196 A.2d at 837). With respect to Mrs. Perrotti's claim of emotional injury — anxiety and anguish regarding the health of her unborn child — this Court entered judgment as a matter of law and dismissed said claim as Mrs. Perrotti had failed to establish a prima facie case with respect to such injury before the case went to the jury. Even under a relaxed standard for symptomatology, see Adams v. UnoRestaurants, Inc., 794 A.2d 489 (R.I. 2000), this Court found that Mrs. Perrotti's own statements of suffering, in the absence of medical testimony or opinion, did not support such a claim.
Rhode Island law clearly requires evidence of relevant, physical symptomatology, albeit under a relaxed standard to support an emotional injury claim. See id; see alsoGrieco ex rel. Doe v. Napolitano, 813 A.2d 994 (R.I. 2003) (physical manifestations must be sufficient to support an emotional injury claim). Reviewing the evidence presented — namely, the minor injuries of a scar on the chin and a scraped head; "the black cloud" that hovered above her, not all, but every day; and Mrs. Perrotti's communicating to her husband at the end of the day her concerns for the unborn child — this Court does not find it made an error of law in excluding evidence of purported emotional injury from the jury's consideration. More particularly, with respect to psychological damage claims, our Rhode Island Supreme Court has required that the likeliness of the feared harm actually occurring cannot be "too tenuous."Kelly v. Cowesett Hills Associates, 768 A.2d 425, 430 (R.I. 2001). This Court finds that the evidence before it — a normal fetal heart rate reported on the monitor in the emergency room on the night of the accident coupled with reassurances by both the emergency staff and subsequently by Mrs. Perrotti's treating obstetrician for follow-up — is not sufficiently distinguishable from the average pregnant woman's concern regarding the health of her unborn fetus. Accordingly, this Court finds that it did not err in instructing the jury to disregard Mrs. Perrotti's anxiety and concern over her unborn fetus.
Finally, Plaintiffs aver that the jury's verdict was against the weight of the credible evidence. The Court has reviewed the evidence. Mrs. Perrotti testified that during the accident, she hit her head on the window, bumped her knee on the dashboard, and cut her chin. She further testified that she sought medical treatment both for her injuries and to check out her pregnancy. However, in her deposition, Mrs. Perrotti stated that the only reason that she sought emergency room treatment was to check on the status of her health with respect to the pregnancy: "I know I would have wanted to be checked because of me being pregnant. . . ." (Depo. of Mrs. Perrotti of 8/31/2001 at 26.) In response to whether there "were any immediate concerns for [her] own well being," Mrs. Perrotti replied: "No, just my daughter at that time." Id. Furthermore, in court, Mrs. Perrotti testified that right after the accident, she did not "jump out of the car." However, in her deposition, Mrs. Perrotti testified: "I jumped out of the car to check on my daughter" immediately after the accident. (Id. at 23.) With respect to her knee injury, Mrs. Perrotti treated with her regular doctor in follow up. Mrs. Perrotti indicated that her doctor prescribed no medication, and she resumed her activities within one month. However, she noted that she still had some occasional problems; at times, she would feel a pain like a "clicking." Furthermore, Mrs. Perrotti testified that she was out of work for 6 weeks not because of her concern for the unborn baby's well-being, or her hurt knee, or doctor's orders, but to care for her then two and one-half-year-old daughter. (Id. at 46.) However, in her deposition, Mrs. Perrotti maintained she was out of work not only to care for her daughter but also as a result of her minor injuries, specifically that of her right knee initially causing pain. From its review, the Court finds that "the evidence does not strongly preponderate against the jury verdict" or that reasonable minds could come to only one conclusion regarding same. Hefner v. Distel, 813 A.2d 66, 69 (R.I. 2003).
Further, this Court does not find a "`demonstrable disparity between the award and the damages sustained as a consequence of the injury.'" Cicilline v. Ford Motor Credit Co.,751 A.2d 1278, 1280 (R.I. 2000) (quoting Fitzgerald v. Rendene, 98 R.I. at 241, 201 A.2d at 138 (1964)). The jury carefully weighed the evidence of minor injuries and the fairly rapid resumption of daily activities after the accident. With respect to Mrs. Perrotti's six weeks out of work after the accident, there was even conflicting evidence: that she stayed home to care for her toddler daughter and that she stayed out of work as a result of her injuries. The medical evidence revealed that Mrs. Perrotti's knee pain — pain without swelling in the right knee when she was standing and when she kneeled — disappeared with Tylenol; a subsequent examination of the right knee on April 8, 1999 revealed no abnormalities. The abrasion under her chin from the airbag healed, leaving hyperpigmentation as a result of both the abrasion and the subsequent healing. After reviewing the evidence, including the medical expenses — $200 for the rescue, $150 for treating physician Philip Vaidyam, M.D., and $25. for the emergency room visit — this Court is satisfied that the $750 jury award was a "`proper response to the evidence'" before it.See Hefner, 813 A.2d at 69 (citations omitted). Said award did not shock the conscience of this Court.
After exercising its independent judgment in reviewing all the evidence, including the credibility of the testimony, this Court finds that the verdict is not contrary to the fair preponderance of the evidence and administers substantial justice. Finding that reasonable minds could differ with respect to said evidence and that there were no prejudicial errors of law, this Court will not disturb the verdict. Accordingly, the Plaintiffs' motion for a new trial must be and is denied.
Counsel shall submit the appropriate judgment for entry.