**CRAFFORD PRECISION PRODUCTS CO.**

v.

**EQUILASERS, INC.**

No. 2003–418–Appeal.

Supreme Court of Rhode Island.

June 16, 2004.

William Alan Jacobson, Esq., Providence, for Plaintiff.

Stephen H. Burke, Esq., for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, and SUTTELL, JJ.

## OPINION

PER CURIAM.

The plaintiff, Crafford Precision Products Co. (plaintiff), and the defendant, Equilasers, Inc. (defendant), filed cross-appeals from a Superior Court order granting in part the plaintiff's motion for new trial and denying the plaintiff's motion to impose sanctions on the defendant. This case came before the Supreme Court for oral argument on May 6, 2004, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and proceed to decide the appeal at this time. We affirm the judgment of the Superior Court.

## I

### Facts and Travel

In 1999, plaintiff, a Rhode Island corporation in the business of, among other things, supplying laser welders to the jewelry industry, purchased four laser welders from defendant, a California manufacturer of laser devices. These laser welders were identified by their serial numbers: 19, 20, 21 and 29. The plaintiff alleged that each of these four laser welders malfunctioned.

The plaintiff purchased three of the laser welders, units 19, 20 and 21, from defendant in spring of 1999.[1] Shortly after units 20 and 21 arrived, plaintiff discovered they did not work properly and returned them to defendant for repair. According to plaintiff, defendant shipped units 20 and 21 back to plaintiff.[2] According to defendant, however, it repaired and returned one unit, while sending a replacement for the second unit marked serial number 22.

In April 2000, one of the laser welders defendant shipped to plaintiff after the repairs in the spring of 1999 malfunctioned, and plaintiff sent the welder to defendant for repairs. The defendant subsequently failed to return that laser welder, asserting that plaintiff refused to pay the cost of repairs.

The plaintiff subsequently filed a complaint and an amended complaint in the Superior Court of the State of Rhode Island alleging breach of express warranty, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, breach of obligation to deal in good faith, and conversion. A jury trial began on February 3, 2003. The defendant called only one witness: Dr. Richard C. Sam (Dr. Sam), the chief executive officer of defendant company.

A significant portion of Dr. Sam's testimony at trial was based on his examination of a laser welder identified throughout the trial as unit 21. This was the only laser welder Dr. Sam personally examined before trial. After detailing his observations about a coolant leakage that allegedly caused unit 21 to malfunction, Dr. Sam described the likely effects of such a coolant leakage on a laser welder. Doctor

---

1. The plaintiff purchased unit 29 in December 1999.

2. The plaintiff does not say whether defendant repaired the laser welders.

Sam additionally gave trial testimony relevant to plaintiff's allegation that defendant improperly converted laser welder 21 by refusing to return it to plaintiff. On February 7, 2003, the jury returned a verdict in favor of defendant on all counts.

Shortly after the verdict was given, defendant said that the laser welder referred to during the trial as laser welder 21 had been misidentified, and actually carried serial number 22.[3] In a post-trial affidavit, Dr. Sam said that his testimony about the mechanical failures of unit 21 was based on his examination of unit 22, and that he had never examined unit 21.

The plaintiff filed a motion for new trial and for judicial sanctions against defendant for withholding information about the alleged misidentification of the laser welder referred to at trial as unit 21. The hearing justice granted plaintiff's motion for new trial on the issues of conversion and breach of implied warranty of fitness for a particular purpose, and denied it on the issues of breach of implied warranty of merchantability and obligation to deal in good faith.[4] The hearing justice also denied the motion for sanctions. The two parties filed cross-appeals. The plaintiff appeals from the denial of its motion for costs and sanctions, while defendant appeals from the hearing justice's grant of a new trial on the counts of conversion and breach of implied warranty of fitness for a particular purpose.

## II

### Sanctions

On appeal, plaintiff argues that the hearing justice abused his discretion when, without explaining his reasoning, he failed to impose sanctions on defendant despite finding that defendant had committed a fraud on the court. The plaintiff therefore requests that it be awarded the costs of the trial in February 2003, including reasonable attorney's fees, as a sanction against defendant. We decline plaintiffs request, but note that plaintiff may raise this issue again, without prejudice, at a subsequent trial.

Rule 52(a) of the Superior Court Rules of Civil Procedure provides in pertinent part that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 59 * * *."[5]

Rule 11 of the Superior Court Rules of Civil Procedure provides that

"[t]he signature of an attorney or party constitutes a certificate by the signer that * * * to the best of the signer's knowledge, information, and belief formed after reasonable inquiry [the pleading, motion or other paper] is well grounded in fact * * *. If a pleading, motion, or other paper is signed in viola-

---

**3.** The defendant made this statement when, after trial, plaintiff notified defendant that it wished to pick up the unrepaired unit 21.

**4.** The hearing justice did not refer to plaintiff's allegation of breach of express warranty; however, because the hearing justice was very specific in granting plaintiff's motion for new trial only on the issues of conversion and breach of implied warranty of fitness for a particular purpose, it is clear the hearing justice did not intend to grant a new trial on the issue of breach of express warranty.

**5.** Rule 59 of the Superior Court Rules of Civil Procedure governs motions for new trial, and provides in pertinent part that "(a) * * * On a motion for a new trial in an action tried *without a jury*, the court may * * * amend findings of fact and conclusions of law or make new findings and conclusions * * *." (Emphasis added.) Because this case was tried with a jury, this portion of Rule 59(a) is inapplicable here.

tion of this rule, the court, upon motion or upon its own initiative, may impose * * * any appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee."

■ It is well established that "an appellate court will reverse a trial court's imposition of a sanction for a litigant's misconduct only if the trial court 'based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *Lett v. Providence Journal Co.*, 798 A.2d 355, 367 (R.I.2002) (quoting *Peerless Industrial Paint Coatings Co. v. Canam Steel Corp.*, 979 F.2d 685, 686–87 (8th Cir.1992)). Thus, it follows that an appellate court will uphold a trial or hearing justices decision *not* to apply sanctions so long as the justice did not abuse his discretion.

In response to plaintiff's allegation in its amended complaint that "Laser Welder, serial no. 21, was returned to defendant for repair in April 2000," defendant in its answer to the amended complaint replied "[a]dmitted." Thus, defendants answer to the amended complaint, which defendants attorney signed, contains a statement that defendant knew to be untrue. Thus, defendant clearly violated Rule 11, and the hearing justice was entitled to impose sanctions on defendant.

■ The hearing justice did not, however, abuse his discretion when he failed to explain his reasoning in denying plaintiffs motion for sanctions. Under Rule 52, the hearing justice was not required to set out "[f]indings of fact and conclusions of law" in ruling on plaintiff's motion. Moreover, the hearing justice carefully evaluated the evidence before choosing not to impose sanctions on defendant. Clearly, in per-

forming the evaluation, the hearing justice did not base his decision not to impose sanctions "on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Lett*, 798 A.2d at 367 (quoting *Peerless*, 979 F.2d at 686–87). In addition, the hearing justice did not simply allow defendant's behavior to pass unpunished; in lieu of sanctions, the hearing justice granted in part plaintiff's motion for new trial.

### III

### Motion for New Trial

The defendant argues on appeal that the hearing justice improperly granted plaintiff's motion for new trial on the implied warranty of fitness for a particular purpose and conversion claims. After admitting that the laser welder Dr. Sam examined and testified about at trial was unit 22, not unit 21, defendant attempted to explain how this misidentification came to be. According to defendant, when plaintiff returned unit 21 for repairs in spring 1999, defendant retained that laser welder and shipped unit 22 to plaintiff as a replacement. The defendant contends that plaintiff apparently did not realize that unit 21 was not repaired, but replaced, and as a result, misidentified the laser it returned in April 2000 as being unit 21, when in fact plaintiff returned unit 22. Consequently, defendant asserts that the laser welder returned in April 2000 and the laser welder Dr. Sam examined before trial and testified about at trial are one and the same, namely unit 22. The defendant therefore argues that the new evidence does not demonstrate that Dr. Sam examined a different laser welder than plaintiff returned, but instead merely reveals a misidentification. As a result, defendant contends that the hearing justice erroneously granted plaintiff's motion for new trial.

The defendant also contends that it disclosed in its pleadings that it replaced laser welder 21 with laser welder 22. Thus, defendant argues the misidentification of the laser welder returned in April 2000 was in fact discoverable before trial.

According to plaintiff, however, after it returned units 20 and 21 for repairs in spring 2000, defendant shipped both of those same units back to plaintiff. The plaintiff therefore contends the laser returned in April 2000 was unit 21. To support this claim, plaintiff notes that defendant admitted in its answer to the amended complaint that plaintiff returned unit 21 in April 2000. As a result, plaintiff argues, defendant has made a binding judicial admission and is precluded from arguing that the laser welder returned in April 2000 was not unit 21. The plaintiff also contends that defendant's post-trial statement severely damaged Dr. Sam's credibility.

■ "A judicially admitted fact is conclusively established." *DiLuglio v. Providence Auto Body, Inc.*, 755 A.2d 757, 767 (R.I.2000) (quoting *Martin v. Lilly*, 505 A.2d 1156, 1161 (R.I.1986)). A judicial admission "precludes the pleader who admitted the fact from challenging it later during the lawsuit in which it has been admitted." *Id.*

■ Rule 59(a) of the Superior Court Rules of Civil Procedure states that "[a] new trial may be granted to all or any of the parties and on all or part of the issues, (1) in an action in which there has been a trial by jury for error of law occurring at the trial or for any of the reasons for which new trials have heretofore been granted in actions at law in courts of this state * * *." "This Court will not disturb

a [hearing] justice's decision to grant or deny a motion for new trial unless he or she has overlooked material evidence or is otherwise clearly wrong." *Connor v. Bjorklund*, 833 A.2d 825, 827 (R.I.2003). It is well settled that in ruling on a motion for new trial, the trial justice acts as a "superjuror," reviewing evidence and assessing credibility. *Skene v. Beland*, 824 A.2d 489, 493 (R.I.2003). "If * * * reasonable minds could differ on the verdict," then a hearing justice should not overturn a jury's verdict. *Id.* "The [hearing] justice may grant a new trial, however, if 'the verdict is against the preponderance of the evidence and thereby fails to either do justice to the parties or respond to the merits of the controversy.'" *Connor*, 833 A.2d at 827 (quoting *Perkins v. City of Providence*, 782 A.2d 655, 656 (R.I.2001) (per curiam)).

■ Also, "a motion for a new trial based upon newly discovered evidence must satisfy a two-pronged test, and the defendant bears the burden of satisfying each prong." *State v. Brown*, 798 A.2d 942, 951 (R.I.2002).[6] The first prong of this test has four elements, and

"requires that the evidence be (1) newly discovered since trial, (2) not discoverable prior to trial with the exercise of due diligence, (3) not merely cumulative or impeaching but rather material to the issue upon which it is admissible, (4) of the type which would probably change the verdict at trial. * * * Once this first prong is satisfied, the second prong calls for the hearing justice to determine if the evidence presented is 'credible enough to warrant a new trial.'" *Id.* (quoting *State v. Firth*, 708 A.2d 526, 532 (R.I.1998)).

---

**6.** This Court notes that, although *Brown* is a criminal case, the test it sets out for evaluating a motion for a new trial based upon newly discovered evidence applies to civil cases as well.

■ This Court initially notes that defendant did not disclose expressly in its pleadings that it replaced unit 21 with unit 22 as it claims. Although defendant alleges in its answer to plaintiff's complaint that it replaced rather than repaired one of the two laser welders (presumably units 20 and 21) plaintiff returned for repairs in spring 1999, defendant fails to specify which of those two units it replaced. Also, as noted above, defendant admitted in its answer to plaintiff's amended complaint that the laser welder returned in April 2000 was unit 21.[7] Moreover, defendant states that Dr. Sam, chief executive officer of defendant company, was aware of the misidentification of the returned April 2000 laser welder during trial and intentionally did not raise the issue. In sum, defendant failed to disclose that unit 21 was replaced with unit 22, and, moreover, deliberately shielded the misidentification of the laser welder returned in April 2000 from the trial court.

Although defendant admitted in its answer to plaintiff's amended complaint that the laser welder returned in April 2000 was unit 21, this fact is not, however, " 'conclusively established' " for purposes of a new trial. *DiLuglio*, 755 A.2d at 767. This is because, according to defendant, the laser welder returned in April 2000 was misidentified as unit 21 from the date on which this suit was filed. Thus, defendant concealed the misidentification of that laser welder in its pleadings as well as at trial. As a result, defendant's admission in its pleadings that it repaired rather than replaced unit 21 is meaningless. Instead, the issue of whether defendant repaired or replaced laser welder 21 after plaintiff returned it in the spring of 1999 is a question of fact to be resolved at a new trial.[8]

The misidentification is clearly new evidence, and clearly was not discoverable before trial. Also, this new evidence is obviously material. Finally, if the laser welder Dr. Sam examined, unit 22, was never in plaintiff's possession, then Dr. Sam's testimony concerning his examination of that laser welder is irrelevant. Moreover, Dr. Sam's obfuscation concerning the misidentification of the laser welder he testified about at trial severely damages his credibility, and would make his testimony at a subsequent trial less reliable. Thus, it is clear that the newly discovered evidence could change the verdict at trial on the count of breach of implied warranty of fitness for a particular purpose. Consequently, the defendant's post-trial revelation that the laser welder returned in April 2000 was misidentified easily meets the first prong of the *Brown* test for newly discovered evidence. *Brown*, 798 A.2d at 951.

The new evidence, and resulting damage to Dr. Sam's credibility, could change the verdict at trial on the count of conversion.

---

7. This Court notes that Dr. Sam did testify at trial that, when plaintiff returned units 20 and 21 for repairs in spring 1999, defendant repaired one unit and replaced the second unit. As in defendant's pleadings, however, Dr. Sam failed to give the serial numbers of the laser welders to which he referred by not saying that the retained laser welder was unit 21 and the replacement laser welder was unit 22.

8. Furthermore, we decline to apply the doctrine of judicial estoppel, which prevents a party from asserting inconsistent positions in different judicial proceedings. *D & H Therapy Associates v. Murray*, 821 A.2d 691, 693 (R.I.2003). Applying this doctrine here would undermine the "truthfulness and fair dealing in court proceedings" that judicial estoppel seeks to promote, *id.*, because, as noted above, defendant concealed the misidentification of the laser welder returned in April 2000 in its pleadings as well as at trial. Thus, the application of judicial estoppel would prevent the trial court from resolving an important question of fact at a new trial.

At trial, Dr. Sam testified that defendant was instructed to return laser welder 21 in good working order and that, because plaintiff refused to pay for repairs, it was not possible to do so. The damage to Dr. Sam's credibility makes his testimony on this issue, and thus defendant's defense to the charge of conversion, less plausible.

Concerning the second prong of the *Brown* test, the hearing justice determined after a thorough review of the facts that the new evidence was sufficiently credible to warrant a new trial on the counts of implied warranty of fitness for a particular purpose and conversion. The hearing justice therefore did not abuse his discretion in making this determination, and we affirm his grant of the plaintiff's motion for new trial.

### Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.

Justice FLAHERTY did not participate.